# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:08CR00024-003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARCUS ANDREW WATKINS,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

Marcus Andrew Watkins, a federal inmate proceeding without counsel, has filed a pleading that he styled as "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Amendments 782, 788, 780 and Pursuant to USSG § 5G1.3, §5G1.3(b), § 5G1.3(c), and 5K2.23 [and for] Appointment of Counsel."

Watkins was originally sentenced by this court in 2009 to a statutory mandatory minimum of 240 months imprisonment, after his conviction of conspiring to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  The sentence was below the guideline range of 292 to 365 months on the motion of his attorney for a variance, to which the government did not object.  The court's stated basis of the variance was to adequately reflect the disparity of the guideline ranges for powder cocaine versus crack cocaine. Statement of Reasons, Dec. 1, 2009, ECF No. 2331.  On a direct appeal, the court

of appeals found that Watkins did not have a qualifying North Carolina predicate felony justifying the 20-year mandatory minimum sentence, based upon the court's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Accordingly, the court of appeals vacated his sentence and remanded for resentencing. *United States v. Evans*, 462 F. App'x 315, 318 (4th Cir. 2012) (unpublished).

At resentencing, this court imposed a sentence of 144 months, as a defendant-requested variance below Watkins' revised guideline range of 235 to 293 months. Am. J., May 11, 2012, ECF Nos. 2833, 2834.

Prior to his resentencing, Watkins had filed a motion pursuant to 18 U.S.C. § 3582(c)(2) requesting a reduction in his sentence pursuant to Amendment 750 to the U.S. Sentencing Commission Guidelines Manual ("USSG"), which amendment reduced the guideline ranges for cocaine base drug offenses. The motion was denied on July 12, 2012, on the ground that Amendment 750 had been utilized in Watkins resentencing and thus he was not entitled to further relief. Order, July 12, 2012, ECF No. 2870. In 2015, Watkins filed another motion under § 3582(c)(2), requesting a reduction in his sentenced based upon the retroactive application of USSG Amendment 782, which reduced by two levels the drug guideline ranges. That motion was also denied, on the basis that his 2012 sentence was below the

Amendment 782 guideline range, and thus he was not eligible for a further reduction. Order, Feb. 23, 2015, ECF No. 3252.

In his present motion, Watkins appears to argue that because his sentence was reduced below the applicable guideline range as a result of a government motion based on his substantial assistance, he is entitled under USSG § 1B1.10(b)(2)(B) to a sentence below the amended guideline range. However, his premise is false. He was not given below-guideline sentence based on such a motion and as earlier ruled by the court, he is not eligible for a further reduction under § 3582(c)(2).

Watkins also contends that I should run his sentence concurrently with an unspecified state sentence. However, I have no power at this time to revise his sentence for any such reason. Finally, Watkins contends that he should be given a sentence reduction based on the "totality of the circumstances." Mot. 14, ECF No. 3551. Again, I have no authority to reduce Watkins' sentence on that basis.

For these reasons, the defendant's motion, ECF No. 3551, is DENIED.

ENTER: May 14, 2018

/s/ James P. Jones
United States District Judge